# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * |
| | * Crim. No.: PJM 94-0454 |
| **BERNARD GIBSON, JR.** | * |
| Defendant | * |

## MEMORANDUM OPINION

Defendant Bernard Gibson, Jr. has filed a Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [Paper No. 1283], in which he requests a reduction of his sentence pursuant to the adoption of Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels for certain crack cocaine offenses. For the reasons that follow, the Court will **DENY** Gibson's Motion.

### I.

In 1994, Gibson and numerous co-conspirators were indicted following a lengthy investigation by the FBI into a drug distribution enterprise headed by Gibson's father. On October 4, 1996, a jury found Gibson and two of his co-conspirators guilty of conspiring to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On March 24, 1997, during Gibson's sentencing hearing, the Court found that the drug quantities associated with Gibson's crime were as follows: 10 kilograms of powder cocaine (equivalent to 2,000 kilograms of marijuana) and one kilogram of heroin (equivalent to 1,000

kilograms of marijuana).[1] The Court used the resulting total—the equivalent of 3,000 kilograms of marijuana—to arrive at a base offense level of 34 under the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2010) (assigning a base offense level of 34 to federal drug crimes involving the equivalent of between 3,000 and 10,000 kilograms of marijuana). The Court then applied certain adjustments to Gibson's score—specifically, an increase of two points for possession of a dangerous weapon, an increase of three points for Gibson's role as a manager or supervisor in the conspiracy, and an increase of two points for obstruction of justice—and arrived at an adjusted offense level of 41. Ultimately, the Court sentenced Gibson to 324 months of incarceration—a term of imprisonment at the very bottom of the Sentencing Guidelines range for an offender with a criminal history category of I and an adjusted offense level of 41. The Fourth Circuit subsequently affirmed Gibson's conviction and sentence on appeal. *See United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999).

On January 3, 2011, Gibson filed the instant Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2), in which he argues that his "sentence was based on his involvement with crack cocaine," and that he is therefore eligible to seek a reduced sentence pursuant to the Sentencing Commission's retroactive lowering of the base offense levels for certain crack cocaine offenses. On January 4, 2011, the Court issued an Order [Paper No. 1284] directing the Federal Public Defender to review Gibson's Motion and provide the Court with a status report on the same within 90 days.

---

[1] Then, as now, the Sentencing Guidelines established a 1:200 ratio for converting powder cocaine into its marijuana equivalent, and a 1:1,000 ratio for converting heroin into its marijuana equivalent. *See* U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.10(E) (2010).

Not long after the Court issued its Order of January 4, U.S. Probation and Pretrial Services provided the Court with a memorandum offering the following assessment of Gibson's Motion:

> Based on the . . . eligibility criteria, it has been determined that this defendant is not eligible to seek a reduced sentence based upon retroactive application of the amendments. The offense did not involve crack cocaine/cocaine base. The Sentencing Guidelines in this case were calculated based on a quantity of heroin combined with a quantity of powder cocaine.

Finally, on February 9, 2011, the Federal Public Defender filed its status report, in which counsel indicated that she had reviewed Probation's memorandum and had "no further information to provide the Court regarding Mr. Gibson's eligibility for a sentence reduction under Amendment 706."

## II.

On May 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. That Amendment, addressing crack cocaine-related drug offenses, reduced by two levels the base offense level assigned to each threshold quantity of crack listed in the Guidelines' Drug Quantity Table. *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 706 (2010).[2] Thereafter, the Commission made Amendment 706 retroactive, effective March 3, 2008. *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 713 (2010).

Pursuant to 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. 18 U.S.C. § 3582(c)(2).

---

[2] Prior to Amendment 706, there was a 100-to-1 disparity between crack and powder cocaine offenses, resulting in sentences for crack offenses three to six times longer than for cocaine offenses involving equal amounts of drugs. Amendment 706 sought to remedy this disparity by lowering the 100:1 ratio. *United States v. Munn*, 595 F.3d 183, 186 n.5 (4th Cir. 2010).

Upon consideration of such a motion, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Thus, the Sentencing Commission's retroactive application of Amendment 706, combined with the statutory authority granted in 18 U.S.C. § 3582(c)(2), permits a court to reduce a crack cocaine sentence issued prior to the Amendment, provided the Court gives ample consideration to the § 3553(a) sentencing factors and the policy statements issued by the Sentencing Commission in support of the Amendment. That said, it virtually goes without saying that Amendment 706 will not apply, and that a § 3582(c)(2) motion brought pursuant to the Amendment will not succeed, where the defendant's sentence was not in fact calculated based on some quantity of crack cocaine.

## III.

As Probation noted in its memorandum assessing Gibson's Motion, and as the Federal Public Defender implicitly concedes, Gibson's Sentencing Guidelines range was "calculated based on a quantity of heroin combined with a quantity of *powder* cocaine" (emphasis added), and not based on some quantity of crack cocaine. This fact is plainly apparent not only in Gibson's Presentence Report, which computed Gibson's offense level by applying the marijuana equivalency ratios for powder cocaine, but also in the transcript of Gibson's sentencing hearing, which demonstrates that the Court's own calculation of Gibson's sentencing range was based upon its finding that Gibson's crime involved 10 kilograms of powder cocaine and one kilogram of heroin.[3]

---

[3] In his Motion, Gibson appears to suggest that, because the Government presented evidence at trial that Gibson had, at times, trafficked in crack cocaine, his sentence was necessarily based upon quantities of crack cocaine. As noted

As noted *supra*, the purpose of Amendment 706 was to remedy the significant disparity between sentences handed down for crack cocaine offenses and those handed down for powder cocaine offenses. Here, where Gibson's sentence was not in fact based upon any quantity of crack cocaine, Amendment 706 has no application, and Gibson's effort to invoke it has no merit. Accordingly, the Court is constrained to deny Gibson's Motion.

### IV.

For the foregoing reasons, Gibson's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [Paper No. 1283] is **DENIED**.

A separate Order will **ISSUE**.

                                               **/s/**
                                **PETER J. MESSITTE**
                          **UNITED STATES DISTRICT JUDGE**

**May 6, 2011**

---

*supra*, however, the transcript of Gibson's sentencing hearing plainly demonstrates that the Court's Sentencing Guidelines calculation—and the sentence the Court ultimately imposed—was based solely on its findings regarding quantities of heroin and *powder* cocaine. The fact that the Government might have presented evidence at trial that Gibson was involved with crack cocaine is of no moment where the Court did not rely on such evidence in imposing sentence. *See United States v. Reid*, 352 F. App'x 135, 137 (8th Cir. 2009) ("[T]he powder/crack cocaine penalty disparity has no bearing here because [the defendant] was sentenced based on the amount of powder cocaine for which he was responsible.").